MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

DAMALI A. TAYLOR (CABN 262489)
Assistant United States Attorney
    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: damali.taylor@usdoj.gov

Attorneys for Plaintiff

FILED
SEP 11 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY KITTLING,<br><br>    Defendant. | No. CR 3-13-70956<br><br>STIPULATION AND [PROPOSED] ORDER DOCUMENTING WAIVER OF TIME UNDER RULE 5.1 AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT |

    The parties appeared before the Court in this matter on September 4, 2013 for detention hearing. Assistant United States Attorney Damali Taylor appeared on behalf of the United States. John Forsyth, Esquire, appeared on behalf of the defendant, GREGORY KITTLING, who was present and in custody.

    On that date, the defense requested that the detention hearing be continued until September 18, 2013 so that the defense may gather evidence to submit to the Court and the government that may impact the issue of detention. The government also indicated that it is in the process of providing discovery to defense counsel. The parties further requested that, given the need to gather and examine discovery, time continue to be excluded under Rule 5.1 and the Speedy Trial Act. Defense counsel represented that additional time is necessary to review the

STIPULATION & [PROPOSED] ORDER
CR 3-13-70956

1 | evidence and investigate the case, and that it is in the best interests of the defendant to do so
2 | before formal charges are filed. The government agreed. The Court found good cause for
3 | extending the time limits under Rule 5.1(d). The matter was continued to September 18, 2013
4 | for the purpose of detention hearing. To date, no time has elapsed under either Rule 5.1 or the
5 | Speedy Trial Act. Accordingly, pursuant to Federal Rule of Criminal Procedure 5.1, the Court is
6 | now required to conduct a preliminary hearing on or before October 2, 2013, unless, *inter alia*,
7 | the defendant, who is in custody, waives the preliminary hearing or is indicted.

8 | The government also had no objection to excluding time and the parties stipulated to an
9 | exclusion of time through September 18, 2013. The parties agree that the ends of justice served
10 | by granting such an exclusion of time outweigh the best interests of the public and the defendant
11 | in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court made findings consistent with the
12 | parties' agreement.

14 | SO STIPULATED:

MELINDA HAAG
United States Attorney

DATED: September 9, 2013

/s/
DAMALI A. TAYLOR
Assistant United States Attorney

DATED: September 9, 2013

/s/
JOHN FORSYTH
Counsel for the Defendant

STIPULATION & [PROPOSED] ORDER
CR 3-13-70956                                    2

[PROPOSED] ORDER

For the foregoing reasons, the Court HEREBY ORDERS that the detention hearing in this matter is re-set to September 18, 2013, at 9:30 a.m., before the Honorable Elizabeth D. Laporte. The Court finds that good cause is shown for extending the time limits set forth in Federal Rule of Criminal Procedure 5.1(c), and, further, concludes that the extension is proper under Rule 5.1(d) and Title 18, United States Code, Sections 3060 and 3161.

The Court finds that the failure to grant the requested extension would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting the requested extension outweigh the best interests of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. The Court also concludes that an exclusion of time through and including September 18, 2013, should be made under Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The Court also finds that the ends of justice served by an exclusion of time through and including September 18, 2013 outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(7)(A).

**IT IS SO ORDERED.**

Dated: Sept 10, 2013

ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE